# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:08-cr-00171-1 |
| v. | ) | 3:10-cr-00092-1 |
| | ) | Judge Nixon |
| CHRISTOPHER CHIPMAN | ) | |

## ORDER

Pending before the Court is Defendant Christopher Chipman's Pro Se Motion for

Clarification and Modification ("Motion"), in which he requests the Court order the Bureau of

Prisons to modify his restitution payment schedule while he is incarcerated, to prevent funds he

receives from his family from being applied to his restitution. (Doc. No. 103.) Mr. Chipman

also filed an Addendum to his Motion, in which he alternatively requests the Court waive the

balance of his restitution based on a material change in his economic circumstances or set Mr.

Chipman's restitution payment schedule based on his prison earnings. (Doc. No. 104.) The

Government filed a Response, arguing the Court should not modify Mr. Chipman's payment

schedule because the Bureau of Prisons' Inmate Financial Responsibility Program ("IRFP") is in

the best position to determine the payment schedule based on the totality of Mr. Chipman's

financial circumstances. (Doc. No. 108.)

The Court finds Mr. Chipman's Motion is premature because prior to raising a challenge

under a program administered by the Bureau of Prisons, a defendant must first exhaust his

administrative remedies. *See United States v. Wright*, No. 96-80876-3, 2010 WL 4639052, at *1

(E.D. Mich. Nov. 8, 2010) (citing *Urbina v. Thomas*, 270 F.3d 292, 295 n.1 (6th Cir. 2001)).

The Bureau of Prisons has a defined an "Administrative Remedy Program [] to allow an inmate

to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R.

§ 542.10(a) (2012). Because Mr. Chipman has not indicated that he has already pursued his administrative remedies, the Motion is not ripe for adjudication by the Court. Mr. Chipman's Motion is **DENIED**. Mr. Chipman is free to refile his Motion upon a showing that he has exhausted his administrative remedies.

It is so ORDERED.

Entered this the ___15___ day of May, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2